# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIBA YOUSSOFI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CMRE FINANCIAL SERVICES, INC.,<br><br>　　　　Defendant. | CASE NO. 15cv2310 JM(WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SCHEDULING ORDER |

Defendant CMRE Financial Services, Inc. ("CMRE") moves to dismiss all claims asserted in the First Amended Complaint ("FAC"). Plaintiff Ziba Youssofi ("Plaintiff") opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss Counts 1, 2, 4, 6-8 with prejudice and denies the motion to dismiss Counts 3 and 5. Furthermore, pursuant to Fed.R.Civ.P. 12(d) the court converts the Rule 12(b)(6) motion on Counts 3 and 5 to one for summary judgment. The parties are instructed to conduct targeted discovery on these two counts and to file cross motions for summary judgment by March 25, 2016, opposition briefs by April 8, 2016, and reply briefs by April 15, 2016. The motion for summary judgment is set for oral argument on ***April 25, 2016 at 10:00 a.m.***

## BACKGROUND

The FAC, filed on November 2, 2015, alleges eight counts for violation of the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and a single state law claim for violation of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), Cal. Civil Code §1788.17. Plaintiff's claims arise from two different collection letters or notices she received from CMRE regarding a consumer debt.

On or about October 29, 2014, Plaintiff received the first collection notice from CMRE seeking to collect an alleged debt of $716.30 plus $1.18 in interest (the "Validation Notice"). (FAC Exh. 1). The Validation Notice allegedly did not identify the name of the creditor nor provide any information to identify the nature of the debt. On November 17, 2014, Plaintiff retained counsel and counsel sent a letter to CMRE disputing the debt.

The second collection notice, dated December 9, 2014, identified the creditor as Emergency Services Medical, arising from the provision of emergency medical services to Plaintiff. The second notice identified the same debt of $716.30, in addition to interest charges of $9.62. (FAC Exh. 2).

On October 14, 2015, Plaintiff commenced the present action. In broad brush, Plaintiff alleges the two notices violated the FDCPA because the amount of interest identified as owed in the two collection notices was actually substantially less than the amount of interest that could have been charged by CMRE. Plaintiff has not paid for the emergency medical services provided to her by Emergency Services Medical.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

Plaintiff alleges eight counts for violation of the FDCPA. Plaintiff identifies the following to support each of the eight FDCPA claims:

"(1) the Validation Notice stated the wrong amount of the debt since it only stated part of the debt and not the entire debt owed in violation of 15 U.S.C. §§ 1692g(a)(10, 1692e(2)(A), and 1692e(10);

(2) the December 9, 2014 collection notice stated the wrong amount of the debt since it only stated part of the debt and not the entire debt owed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10);

(3) the Validation Notice failed to state the name of the creditor in violation of 15 U.S.C. § 1692g(a)(2);

(4) The Validation Notice failed to disclose that the debt was accruing interest in violation of 15 U.S.C. §§ 1692e(10), 1692e(2)(A), and 1692g(a)(1);

(5) the December 9, 2014 collection notice demanded an unlawful amount of interest in violation of 15 U.S.C. §§ 1692f and 1692f(1).

(6) the December 9, 2014 collection notice misstated the amount of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A);

(7) the December 9, 2014 collection notice stated an inaccurate amount of the debt at the time the notice was mailed in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10); and

(8) the December 9, 2014 collection notice is misleading and deceptive in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)."

(Oppo. at pp.1:19-2:8).

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e); Baker v. G. C. Services Corp., 677 F.2d 775 (9th Cir. 1982) (The FDCA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether valid debt actually exits."). In broad brush, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692(f).[1]

Counts 1, 2, 4, 6-8

Six of Plaintiff's eight claims (Counts 1, 2, 4, 6-8) relate to interest charges and center on the fact that the interest actually sought to be collected is substantially below what Plaintiff would actually owe if interest were properly calculated. Plaintiff alleges that the October 29, 2014 Validation Notice sought to collect $1.18 in interest but the amount actually owed (or could have been charged) was $51.93 and the December 9, 2014 collection notice sought to collect $9.62 in interest but the amount actually owed

---

[1] The parties do not dispute that Plaintiff is a consumer, Plaintiff's debt is a consumer debt, and CMRE is a third-party debt collector for purposes of the FDCPA. See 15 U.S.C. §1692. The parties only dispute the fourth element of a FDCPA claim: whether CMRE violated one of the provisions of the FDCPA.

(or could have been charged) was $60.02. (FAC ¶25-33).

The difficulty with Plaintiff's argument is that the practice of a debt collector to collect less interest than owed, is not an abusive practice. Under these circumstances, the consumer actually benefits and Plaintiff simply fails to identify how this practice is unfair or unconscionable. Plaintiff repeatedly argues that "[b]y understating the amount of debt, CMRE failed to clearly state the amount of debt owed" and is therefore strictly liable under the FDCPA. (Oppo. at p.6:11-12). The amount of the debt, however, is simply the amount sought to be collected and is clearly stated in both collection notices. There are no allegations suggesting that CMRE is somehow using the $1.18 in interest charges as a subterfuge to collect more than the amounts identified in the notices.

The least sophisticated consumer test applicable to the FDCPA "protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking, and the credulous." Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). Viewing the notices from the perspective of the gullible and ignorant, and applying the least sophisticated consumer test adopted by the Ninth Circuit, the court concludes that the least sophisticated consumer would credibly believe that an interest charge of $1.18 (or $9.62 in the December 9, 2014 notice) means that the interest charge is $1.18 (or $9.62 in the December 9, 2014 notice), and not some other theoretical amount that the debt collector is not seeking to collect.

Notably, Plaintiff does not dispute that CMRE may lawfully charge interest on the unpaid debt. Debt collectors are prohibited from seeking to collect any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). "A debt collector does not violate this provision if the amounts it seeks are authorized by state law." Diaz v. Kubler Corp., 785 F.3d 1326 (9th Cir. 2015). As the interest rate provision is enforceable under state law, Cal. Civil Code §§3287 and 3289, interest charges are properly included in the amount of the total debt.

For these reasons, the court dismisses Counts 1, 2, 4, 6-8 for failure to state a claim. CMRE's efforts to collect a significantly smaller amount of interest than what it theoretically could have collected is not an abusive, unfair, or unconscionable collection practice under the FDCA. As there do not appear to be any circumstances under which Plaintiff may be able to state a claim, the court dismisses these claims with prejudice.

<u>Count 3</u>

Count 3 alleges that the Validation Notice failed to identify the creditor. (FAC ¶27). The notice attached as an exhibit to the FAC does not identify the creditor (Emergency Services Medical). (FAC, Exh. 1). The FDCPA requires that the notice identify the creditor. 15 U.S.C. §1692g(a)(2). While this allegation is sufficient to state a claim, the court is concerned that the FAC's supporting exhibit failed to include the second page to the Validation Notice which does, in fact, identify Emergency Services Medical as the creditor. As set forth in the declaration of Andrea Parr, director of CMRE's legal department, CMRE's records show that Plaintiff was provided a second page to the Validation Notice which identifies Emergency Services Medical as the creditor. The court concludes that the arguments of the parties raise factual issues not properly resolved on a motion to dismiss.

In sum, the court denies the motion to dismiss Count 3.

<u>Count 5</u>

Count 5 alleges that the interest charge of $9.62 in the December 9, 2014 notice overstated the actual interest charge by $0.39. (FAC ¶29-30; Oppo. at pp.21:12-22-5). The court notes that the calculation of interest presented by Plaintiff is somewhat suspect. Notwithstanding, the arguments raised are better addressed in context of an evidentiary motion, and not on a motion to dismiss.

In sum, the court denies the motion to dismiss Count 5.

<u>The Rosenthal Act Claim</u>

As the predicate for Plaintiff's Rosenthal Act claim is a violation of the FDCPA,

1  the court denies the motion to dismiss this claim because two of the FDCPA claims
2  survive CMRE's motion to dismiss.

**The Motion for Summary Judgment**

Pursuant to Fed.R.Civ.P. 12(d), the court converts the motion to dismiss to one for summary judgment.  The two remaining issues in this case are (1) whether Plaintiff was provided with page two of the Validation Notice and (2) whether the interest calculation set forth in the December 9, 2014 collection notice overstated the amount of interest by $0.39.  These are discrete, narrowly focused factual issues readily subject to discovery and, presumably, resolution by summary judgment.[2]  The parties are instructed to complete discovery and file cross motions for summary judgment by March 25, 2016, opposition briefs by April 8, 2016, and reply briefs by April 15, 2016.  The motion for summary judgment is set for oral argument on ***April 25, 2016 at 10:00 a.m.***

In conclusion, the court grants the motion to dismiss Counts 1, 2, 4, 6-8 with prejudice, denies the motion to dismiss Counts 3 and 5, and denies the motion to dismiss the Rosenthal Act claim.  The court also sets a summary judgment hearing date of ***April 25, 2016 at 10:00 a.m.***, to resolve factual disputes related to Counts 3 and 5.

**IT IS SO ORDERED.**

DATED: January 21, 2016

                                              Hon. Jeffrey T. Miller
                                              United States District Judge

cc:        All parties

---

[2] The court notes that this procedure is consistent with Fed.R.Civ.P. 1 and will promote the "just, speedy, and inexpensive determination" of the remaining issues in this action.