**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZIBA YOUSSOFI,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CMRE FINANCIAL SERVICES, INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 15cv2310 JM(WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT; SCHEDULING ORDER |

Plaintiff Ziba Youssofi ("Plaintiff") moves for summary judgment or, alternatively, for partial summary judgment on the remaining claims alleged in this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., action. Defendant CMRE Financial Services, Inc. ("CMRE") opposes the motion. Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants in part and denies in part the motion for summary judgment. The court also instructs the parties to contact the chambers of Magistrate Judge William V. Gallo to schedule a case management conference.

## BACKGROUND

The FAC, filed on November 2, 2015, alleges eight counts for violation of the FDCPA and a single state law claim for violation of the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), Cal. Civil Code §1788.17. Plaintiff's

claims arise from two different collection letters or notices she received from CMRE, a debt collector, regarding a consumer debt.

On or about October 29, 2014, Plaintiff received the first collection notice from CMRE seeking to collect an alleged debt of $716.30 plus $1.18 in interest (the "Validation Notice"). (FAC Exh. 1). The Validation Notice consisted of a single page and allegedly did not identify the name of the creditor nor provide any information to identify the nature of the debt. On November 17, 2014, Plaintiff retained counsel and counsel sent a letter to CMRE disputing the debt.

The second collection notice, dated December 9, 2014, clearly and unambiguously identified the creditor as Emergency Services Medical Corporation. The debt arises from the provision of emergency medical services to Plaintiff. Plaintiff never paid the debt. The second notice identified the same debt of $716.30, in addition to interest charges of $9.62. (FAC Exh. 2).

On October 14, 2015, Plaintiff commenced the present action. On March 15, 2016, the court granted CMRE's motion to dismiss Counts 1, 2, 4, 6-9 with prejudice and denied the motion to dismiss Counts 3, 5, and the Rosenthal Act claim. Pursuant to Fed.R.Civ.P. 12(d), the court also converted the motion to one for summary judgment on the remaining claims. The two remaining issues in this case are essentially (1) whether Plaintiff was provided with page two of the Validation Notice and (2) whether the interest calculation set forth in the December 9, 2014 collection notice overstated the amount of interest by $0.39. The court concluded that these were discrete, narrowly focused factual issues subject to discovery and, presumably, resolution by summary judgment. The parties have completed discovery and Plaintiff now moves for summary judgment on the remaining claims.

### DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(c); <u>Prison Legal News v. Lehman</u>, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim." <u>Id.</u> (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id.</u> at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the <u>moving party</u> bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1059 (1992)).

**The Motion**

<u>Count 3</u>

Plaintiff comes forward with her declaration to show that the one-page Validation Notice she received did not identify the creditor in violation of 15 U.S.C. §§1692g(a)(2), 1692e, and 1692e(10). (Youssofi Decl. ¶5). Plaintiff declares that she did not receive page two to the letter. She also did not submit the envelope containing

the Validation Notice to support her motion. As this evidence demonstrates that the Validation Notice received by Plaintiff did not identity the creditor, the burden shifts to CMRE to show a disputed issue of material fact.

CMRE comes forward with evidence to show that Rose Moraleja, the custodian of records for EA Health Billing, sent Plaintiff five billing statements between May and September 2014 showing a total principal balance of $716.30 due and owing as her personal responsibility. EA Health Billing is the billing agent for Emergency Services Medical Corporation, the provider of medical services to Plaintiff. When Plaintiff failed to pay for the medical services, the account balance was assigned to CMRE for collection.

The evidence also shows that CMRE used Bacompt, an outsourced direct mailer, to provide notices to Plaintiff. Dwayne Hurt, Chief Operating Officer of Bacompt, declares "without equivocation that both pages of the letter were printed, went through automated mailing procedures that inserted both pages into an envelope, and transmitted in a sealed envelope" to Plaintiff's home address. (Hurt Decl. p.2:4-10). Mr. Hurt explains that the Validation Notice is still in its database. The barcode on the October 29, 2014 Validation Notice "is read such that if there was some type of system malfunction, there would be an automated response and all mailing operations would be shut down and immediately cease." (Id. at p.3:18-22). He further explains that there is a small number in the right bottom corner of the pages, indicating "1687" and "1688," on pages one and two, respectively. These numbers mean that the two pages are the 1,687th and 1,688th pages printed on October 29, 2014. Mr. Hurt then undertook an investigation to determine whether there was a system malfunction during the week that the Validation Notice was printed. Mr. Hurt explains that any type of interruption or problem with the system would be reflected in Bacompt's records; and such records do not reflect any malfunction with the system during the relevant time period. Based upon his investigation, Mr. Hurt concludes that the only manner in which the second page could have been excluded would require an intentional

intervention by a Bacompt employee to remove the second page, an act which would result in the employee's discharge and a possible criminal prosecution.[1]

Even though there is very strong evidence that Plaintiff received both pages of the Validation Notice, Plaintiff's declaration raises a genuine issue of material fact. It is not the role of the court on summary judgment to weigh contrary evidence or to make credibility determinations. CMRE also attacks Plaintiff's credibility, noting that she has memory issues including, for example, her inability to recall having received any of the five billing statements mailed to her between May and September 2014. Issues of credibility are uniquely within the providence of the jury, and not this court.

Finally, Plaintiff contends that the second page, even if received by her, failed to adequately identify the creditor, Emergency Services Medical Corporation. Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor. See Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir. 1988). The second page abbreviates the creditor as "Emergency Servi." The court concludes that whether the 15 character field limitation (i.e. abbreviation) effectively conveyed the identity of the creditor, in light of the evidentiary record, creates a genuine issue of material fact.

In sum, the court denies summary judgment on Count 3.[2]

Count 5

Plaintiff contends that (1) CMRE could not impose interest charges on the debt and, even if it could, (2) the amount of the interest charged was overstated by $.39. The arguments and evidence in support of this claim are not persuasive. The court grants summary judgment against Plaintiff, and in favor of CMRE, on Count 5.

---

[1] Mr. Hurt also declares that an inspection of the envelope could provide additional information concerning the mailing of the Validation Notice. However, Plaintiff did not retain the envelope.

[2] The court does reach CMRE's affirmative defense of a bona fide error. CMRE has the burden to demonstrate this affirmative defense. Not only does CMRE not move for summary judgment on this affirmative defense, but it also fails to establish that any error occurred. The focus of CMRE's argument and evidence is that no error occurred.

Under the FDCPA, a debt collector may collect interest charges where the charges are "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). State law allows recovery of prejudgment interest on debts under certain circumstances. Cal. Civil Code §3287(a). In the absence of a stated contractual rate of interest, the "obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civil Code §3289. As explained in Diaz v. Kubler Corp., 785 F.3d 1326 (9th Cir. 2015):

> prejudgment interest under section 3287(a) becomes available as of the day the amount at issue becomes "calculable ... mechanically, on the basis of uncontested and conceded evidence," and it is available "as a matter of right," rather than at the discretion of a court.

Id. at 1329 (quoting Leff v. Gunter, 33 Cal.3d 508 (1983). Accordingly, CMRE is entitled to collect interest on the debt because the amount of the debt is calculable based upon the undisputed evidence that Plaintiff never paid for her medical treatment.

Second, the interest charge is not overstated by CMRE. Without explaining when the debt became calculable, Plaintiff selects October 30, 2014 as the date to commence the interest charges.[3] Here, there is no dispute that Plaintiff sought and received medical services from Emergency Services Medical and did not pay for the services provided. The interest charges were thus "calculable . . . mechanically, on the basis of uncontested and conceded evidence," id., as of the date Plaintiff received any of the billing statements dated May 16, 2014, June 19, 2014, July 24, 2014, August 22, 2014, and September 22, 2014. Indisputably, an interest charge based on any of these dates results in a charge substantially greater than the $9.62 interest charge as of December 9, 2014. As previously noted, the practice of a debt collector to collect less interest than owed is not an abusive practice because the consumer actually benefits by such practice.

In sum, Plaintiff fails to establish a violation of the FDCPA based upon the

---

[3] Plaintiff's evidence shows that CMRE has the policy of not charging interest until the debt is assigned from the creditor. Determination of the amount of interest, however, depends on the date the interest charge becomes calculable, mechanically, based upon undisputed evidence, and not the date of assignment from the creditor.

interest charges. Consequently, the court grants summary judgment in favor of CMRE and against Plaintiff on Count 5.

**Scheduling Order**

The parties are instructed to contact the chambers of Magistrate Judge William V. Gallo within seven days of entry of this order to schedule a case management conference. As discovery is complete, the court anticipates the scheduling of a Pretrial Conference in October 2016, with a trial in November 2016.

In sum, the court denies summary judgment on Count 3; grants summary judgment in favor of CMRE, and against Plaintiff, on Count 5; and denies summary judgment on the Rosenthal Act claim as summary judgment is not appropriate on Count 3. The parties are also instructed to contact the chambers of Magistrate Judge William V. Gallo to schedule a case management conference.

**IT IS SO ORDERED.**

DATED: August 2, 2016

JEFFREY T. MILLER
United States District Judge

cc: All parties